**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1855
_____

LUISA MALDONADO,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95 828 715)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2011
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges
(Opinion filed: April 7, 2011)
_____

OPINION
_____

PER CURIAM.

       Luisa Maldonado, a native and citizen of the Dominican Republic, petitions

for review of an order of the Board of Immigration Appeals ("BIA") denying her motion

to reopen her immigration proceedings.  For the reasons that follow, we will deny the

petition for review.

       Maldonado came to the United States in 1991 as a visitor.  In 2002, she

married a United States citizen. The following year, Maldonado adjusted her status to that of a conditional permanent resident based on her marriage. Maldonado and her husband filed a joint petition to remove the conditions on her residence in 2005. The Department of Homeland Security, however, denied the petition and terminated Maldonado's status, having concluded that she and her husband failed to establish that the marriage was entered into in good faith and not to procure her entry to the United States as an immigrant. In 2006, a notice to appear was issued charging that Maldonado was subject to removal from the United States as a result of the termination of her conditional permanent resident status.

After a hearing, an Immigration Judge ("IJ") concluded that the Government met its burden of proof to establish that Maldonado's marriage was not entered into in good faith. The IJ ordered Maldonado's removal to the Dominican Republic. On appeal, the BIA decided that Maldonado's conditional permanent resident status was properly terminated and affirmed the order of removal. The BIA noted numerous inconsistencies in the evidence, including discrepancies in the couple's tax filings and inconsistencies in their testimony.

Maldonado then filed a motion to reopen her immigration proceedings, asserting that her husband had taken deliberate steps to prevent her from showing that the marriage was entered into in good faith. Maldonado sought reopening in order to apply for adjustment of status under provisions of the Violence Against Women Act of 1994 ("VAWA"), which afford relief for aliens who are victims of domestic abuse at the hands

2

of United States citizen spouses. In support of her motion, Maldonado submitted several documents, including her affidavit, medical notes dated March 7, 2007, and invoices reflecting payments to a psychological center.

In denying the motion to reopen, the BIA decided that Maldonado failed to establish prima facie eligibility for adjustment of status. The BIA explained that Maldonado was required to show, among other things, that her marriage was entered into in good faith, that she and her husband had shared a joint residence, and that her husband had subjected her to battery or extreme cruelty. See 8 U.S.C. § 1154(a)(1)(A)(iii); 8 C.F.R. § 204.2(c). The BIA concluded that the evidence of record together with the evidence submitted in support of the motion to reopen failed to make this showing.

The BIA explained that it had previously affirmed the IJ's decision that Maldonado's marriage was not entered into in good faith, that the evidence cast doubt on whether she and her husband had shared a residence, and that Maldonado's new evidence did not offset the evidence of record. The BIA also found that Maldonado did not provide any objective evidence supporting her allegations that her husband had subjected her to battery or extreme cruelty and noted that the medical report she had submitted appeared to be inconsistent with the allegations in her affidavit. This petition for review followed.

We must first address the Government's argument that we lack jurisdiction over the petition for review. The Government contends that we lack jurisdiction because the BIA's decision that Maldonado failed to establish the requisite battery or extreme

3

cruelty was a discretionary decision not subject to judicial review, and absent jurisdiction to review this decision, we also lack jurisdiction to review the BIA's other determinations. The Government recognizes that we retain jurisdiction over colorable constitutional claims and questions of law, but argues that Maldonado has presented no such question in connection with the BIA's determination that she failed to establish extreme cruelty.

We conclude that it is unnecessary to decide our jurisdiction to review the BIA's decision that Maldonado failed to establish battery or extreme cruelty for purposes of reopening her proceedings because, as discussed below, her brief presents colorable constitutional claims and questions of law for our review. Although we ultimately conclude that these questions lack merit, they are sufficient to confer jurisdiction over the petition for review. See 8 U.S.C. § 1252(a)(2)(D).

Maldonado first contends that the BIA applied the wrong legal standard in deciding whether her marriage was entered into in good faith, an element of her prima facie case for adjustment of status. She argues that the statute requires that the marriage was entered into in good faith "by the alien," 8 U.S.C. § 1154(a)(1)(A)(iii)(I)(aa), and that the BIA failed to focus on whether she entered into the marriage in good faith, as evidenced by its reliance on its earlier decision denying the joint petition with her husband to remove the conditions on permanent residence.

4

As noted by the Government, the BIA stated in its decision that Maldonado was required to show that "her marriage to her husband, Mr. Maldonado, was in good faith." A.R. at 3 (emphasis added). In addition, the BIA's decision reflects that it did not decide that Maldonado could not make the requisite showing based on the finding in the proceedings on her joint petition. Rather, the BIA considered the documents submitted by Maldonado and concluded that the new evidence did not offset the evidence of record regarding the bona fides of her marriage, which cast doubt on whether she and her husband lived together. In light of the evidence presented in support of the motion to reopen, which as to the bona fides of the marriage primarily consists of Maldonado's statement, Maldonado has not shown that the BIA applied the wrong legal standard.

Maldonado also argues that she was deprived of due process because the BIA failed to make an individualized determination in her case. Relying on our decision in Zheng v. Attorney General, 549 F.3d 260 (3d Cir. 2008), Maldonado contends the BIA made conclusory statements about the insufficiency of the evidence and failed to conduct any meaningful analysis of the evidence submitted in support of her motion to reopen. In Zheng, we remanded the matter to the BIA because the BIA had failed to discuss most of the evidentiary record in its decision denying reopening. Id. at 269.

The BIA's decision reflects that the BIA made an individualized determination in Maldonado's case. On the issue of the bona fides of her marriage, the BIA addressed a spousal support order Maldonado had submitted in support of her

5

motion to reopen and explained that the order only established the legality of her marriage. Although Maldonado faults the BIA for failing to address her statement that her husband lied in the prior proceedings to make it appear that their marriage was a sham, the BIA acknowledged this allegation in its decision. The BIA did not further discuss Maldonado's statement that her husband had lied, but she has not shown that she was prejudiced by any failure by the BIA in this regard. Maldonado's allegations that her husband lied in the prior proceedings are unsupported. In addition, Maldonado's allegations primarily concern the fact that she was unaware of the contents of her husband's tax filings and other actions he had taken, which the BIA found raised questions as to whether Maldonado and her husband lived together.

The BIA also addressed in its decision Maldonado's affidavit and medical notes dated March 7, 2007, which she submitted to support her claim of spousal abuse. The BIA found the documents inconsistent as to when Maldonado claimed she discovered that her husband was unfaithful. The BIA further noted that Maldonado stated that her husband forced her to engage in a certain sexual activity, but the medical notes stated only that she refused to engage that activity with her husband. Contrary to Maldonado's argument, the BIA thus explained why her evidence did not support her claim that she was subject to battery or extreme cruelty.

Maldonado also asserts that the BIA's conclusory statement that she failed to provide objective evidence supporting her claim of battery or extreme cruelty offends due process in light of the evidence of her ongoing psychological treatment. To the

6

extent Maldonado is referring to the invoices reflecting payments to a psychological center, we find no error in the fact that the BIA did not address these invoices, as they do not support the conclusion that Maldonado was subjected to battery or extreme cruelty.[1]

Accordingly, we will deny the petition for review.

---

[1] To the extent Maldonado also argues that the BIA erred by failing to cite in its decision any cases addressing the VAWA or involving similar facts and law, Maldonado has not established any error in this regard.